UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH HARRILL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>EMANUEL MEDICAL CENTER, et al.,<br><br>　　　　　　Defendants. | No. 2:23-cv-01672-DC-CKD<br><br>ORDER GRANTING PLAINTIFF'S <u>REQUEST TO SEAL</u><br><br>(Doc. No. 49) |

On July 11, 2025, Plaintiff filed a request to file under seal her unredacted first amended class action complaint and file publicly a redacted version of her first amended class action complaint. (Doc. No. 49.) Plaintiff asserts that redactions to portions of the first amended class action complaint she intends to file are required because her allegations include sensitive and private information relating to her past and present health conditions, diagnoses, and healthcare. (*Id.* at 2.) Defendants did not submit any opposition to Plaintiff's request to seal. For the reasons explained below, the court will grant Plaintiff's request to file under seal her unredacted first amended class action complaint.

The court recognizes that all documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). However, courts may permit a party to file under seal documents, such

1

as a complaint and exhibits thereto, where that party shows "compelling reasons" to support maintaining secrecy of those documents. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Fed. Trade Comm'n v. S. Glazers Wine & Spirits, LLC*, No. 8:24-cv-02684-FWS-ADS, 2025 WL 819070, at *1 (C.D. Cal. Feb. 4, 2025) (applying "compelling reasons" standard to a request to seal the complaint and explaining that "because a complaint is 'the foundation of a lawsuit,' the court concludes that it is more than 'tangentially related to merits' of the case") (citation omitted). "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

"Medical records contain private, confidential, and often sensitive information, and courts often order medical records to be filed under seal." *United States v. Lopez-Perez*, No. 1:14-cr-0045-AWI, 2021 WL 809396, at *1 (E.D. Cal. Mar. 3, 2021); *see also Cousin v. Sharp Healthcare*, No. 3:22-cv-02040-MMA-DDL, 2023 WL 6370771, at *1 (S.D. Cal. Aug. 14, 2023) (granting motion to file portions of amended complaint containing confidential and sensitive health information under seal); *Pratt v. Gamboa*, No. 17-cv-04375-LHK, 2020 WL 8992141, at *2 (N.D. Cal. May 22, 2020) (noting that "medical records are deemed confidential under the Health Insurance Portability and Accountability Act" and that "[c]ourts routinely conclude that the need to protect medical privacy qualifies as a compelling reason for sealing records") (internal quotation marks omitted) (citing cases).

Here, the court finds Plaintiff has shown compelling reasons exist to grant her request to seal given the confidential and sensitive personal health information contained in her proposed first amended class action complaint. In addition, the court has reviewed the proposed redactions and finds them to be narrowly tailored to protect Plaintiff's personal health information from public disclosure. The court will therefore grant Plaintiff's request to seal.

Accordingly,

1. Plaintiff's request to seal (Doc. No. 49) is GRANTED;

2. Within three (3) days from the date of this order, Plaintiff shall file a redacted version of her first amended class action complaint; and

3. Within three (3) days from the date of this order, Plaintiff shall also email a PDF copy of the unredacted version of her first amended class action complaint to ApprovedSealed@caed.uscourts.gov for filing under seal on the docket in this case.

IT IS SO ORDERED.

Dated: **July 25, 2025**

Dena Coggins
United States District Judge