Adrian R. Bacon, Esq. (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN**
23586 Calabasas Rd, Suite 105
Calabasas, CA 91302
Tel.: (323) 306-4234
Email: abacon@toddflaw.com

*Attorney for Plaintiff*
*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUDITH HARRILL, on behalf of herself and all others similarly situated,<br>Plaintiff,<br>v.<br>EMANUEL MEDICAL CENTER, TENET HEALTH, and META PLATFORMS, INC.,<br>Defendants. | **Case No.: 2:23-CV-01672-DC-CKD**<br><br>**JOINT STATUS REPORT REGARDING SCHEDULING** |

Pursuant to Local Rule 240, the Joint Stipulation to stay proceedings pending mediation entered on October 3, 2025 (ECF No. 55; stay cont'd via ECF No. 57), the Court's Minute Orders regarding the stay entered on October 7, 2025, and November 25, 2025, respectively (ECF Nos. 56 and 58), the Joint Status Report filed January 2, 2026 (ECF No. 59), and the Court's Minute Order regarding the Joint Status Report entered on January 6, 2026 (ECF No. 60), Plaintiff Judith Harrill ("Plaintiff") and Defendants Tenet Healthcare Corporation (erroneously s/h/a as "Tenet Health") and Emanuel Medical Center ("EMC") hereby submit the following Joint Status Report Regarding Scheduling:

1. As described in the respective Joint Stipulations and Joint Status Report, the parties participated in a good-faith mediation on November 18, 2025, with Mediator Jill Sperber, and in follow-up discussions with Mediator Sperber on or about January 2, 2026.

2. The parties further reported in their Joint Stipulations and Status Report that, given the Mediation, the Parties agreed to stay all discovery and case deadlines pending completion of the Mediation, and requested that the Court allow the parties to either (i) provide the Court with a proposed updated scheduling order and status report in the event the Parties were unable to settle this action or (ii) file a notice of settlement.

3. The Court granted the stay pending completion of mediation and ordered that case deadlines were stayed until January 2, 2026 (ECF Nos. 56 and 58).

4. Accordingly, the parties informed the Court in their January 2nd Joint Status Report (ECF No. 59) that settlement discussions remained ongoing and also proposed lifting the stay in order to forestall any delays in litigation. The parties suggested submitting an updated proposed scheduling on or before January 30, 2026. The Court so ordered on January 6, 2026 (ECF No. 60).

5. As per the Court's Minute Order entered on January 6, 2026 (ECF No. 60), the parties respectfully request that the Court schedule a pretrial status conference pursuant to Local Rule 240 and set the Class Certification Schedule as set forth below, to permit adequate time to complete remaining class certification discovery, including expert discovery, for Plaintiff to moves for class certification, and to adequately prepare this case for trial before a jury.

6. The Parties met and conferred on January 13, 2026, and jointly and respectfully move the Court to enter the amended agreed-upon pretrial deadlines as set forth below.

**WHEREFORE**, Plaintiff and Defendants respectfully request that the Court enter the following proposed agreed-upon Class Certification Schedule, and in doing so, lift the stay of this case.

**Class Certification Discovery and Motion Practice Schedule**

**1. Initial Disclosures:** The parties' initial disclosures shall be due on January 30, 2026.

**2. Class Certification Fact Discovery:**

A. The deadline to serve any subsequent written discovery shall be October 14, 2026, unless otherwise agreed by the parties.

B. All class certification fact discovery shall be completed no later than November 13, 2026.

C. The parties agree to conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b).

D. The parties are conferring regarding a proposed Stipulated ESI Protocol and Stipulated Protective Order.

**3. Class Certification Expert Discovery:**

A. Plaintiff shall designate her class certification expert witnesses by November 13, 2026. Plaintiff will present and make available any expert in support of class certification for deposition within 30 days of disclosure.

B. Defendants shall designate their class certification expert witnesses by December 14, 2026. Defendants will present and make available any expert in opposition to class certification for deposition within 30 days of disclosure.

C. *Rebuttal experts*. All parties wishing to designate rebuttal experts will do so by January 18, 2027.

D. *Close of Class Certification Expert Discovery*. All class certification expert discovery, including depositions, will be concluded by March 19, 2027.

**4. Class Certification:**

A. Plaintiff shall file any motion for class certification and supporting memorandum by no later than April 19, 2027.

B. Defendants' deadline to file a response shall be 60 days after the filing of Plaintiff's motion for class certification.

C. Plaintiff's Reply shall be filed 30 days after the filing of Defendants' response.

**5. Merits Discovery:** Following the Court's ruling on class certification, the parties shall confer on a schedule for merits discovery and present the same to the Court.

**6. Initial Pretrial Conference:** The Parties propose that an initial pretrial conference be scheduled 4 weeks before the anticipated trial date.

**Procedural Provisions**

**7. Trial by Magistrate Judge:** The parties do not consent to trial by magistrate judge at this time.

**8. Status Conferences:** Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the court upon reasonable notice to opposing counsel. Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled.

Dated: January 30, 2026 Respectfully submitted,

| | |
|---|---|
| By: */s/ Jonathan J. Kim*<br>JONATHAN J. KIM (SBN 312145)<br>RACHEL E. K. LOWE (SBN 246361)<br>GILLIAN H. CLOW (SBN 298966)<br>**ALSTON & BIRD LLP**<br>333 South Hope Street, 16th Floor<br>Los Angeles, CA 90071-1410<br>Telephone: 213-576-1000<br>Facsimile: 213-576-1100<br>Email: rachel.lowe@alston.com<br>Email: gillian.clow@alston.com<br>Email: Jonathan.kim@alston.com<br><br>*Attorneys for Defendants Emanuel Medical Center and Tenet Healthcare Corporation* | By: */s/ Adrian R. Bacon*<br>Adrian R. Bacon, Esq. (SBN 280332)<br>Todd Friedman, Esq. (SBN 216752)<br>**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**<br>23586 Calabasas Rd. Suite 105<br>Calabasas, CA 91302<br>Tel.: 323-306-4234<br>Email: abacon@toddflaw.com<br><br>Mark S. Reich*<br>**LEVI & KORSINSKY, LLP**<br>33 Whitehall St., 27th Floor<br>New York, NY 10004<br>Telephone: (212) 363-7500<br>Facsimile: (212) 363-7171<br>Email: mreich@zlk.com<br><br>*Attorneys for Plaintiff Judith Harrill*<br><br>**pro hac vice* forthcoming |